**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LEONTE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 15-cv-1278-SMY** |
| | ) | |
| **VIPEN SHAH,** | ) | |
| **DIRECTOR OF IDOC,** | ) | |
| **SUZANN BAILEY, and** | ) | |
| **WARDEN LASHBROOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**YANDLE, District Judge:**

Plaintiff Leonte Williams is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), located in Pinckneyville, Illinois. Williams brings this *pro se* action for deprivations of his Eighth Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against several prison officials.

This matter is now before the Court for a preliminary review of Williams's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A.

**Background**

According to the complaint, from 2013, when Plaintiff entered prison, to the present, he has been served a soy-based diet (replacing animal protein), which over time has led to health problems. More specifically, the complaint alleges that the Director of the Illinois Department of Corrections ("IDOC"), Food Service Administrator Suzann Bailey, Warden Lashbrook, and Dr. Vipen Shah have conspired to endanger Plaintiff's health. After arriving at Pinckneyville, Plaintiff began experiencing the side effects of consuming too much soy, such as constipation, diarrhea, lethargy, and weight gain. The defendant officials, however, did not alter the soy diet. Dr. Shah merely instructed Plaintiff to drink more water, and he refused to test Plaintiff's thyroid function. Further, Plaintiff's administrative grievances have gone unanswered. According to the complaint, in 2009 female inmates successfully sued the IDOC over their soy diet, and they are no longer served soy-based meals. Nonetheless, Plaintiff has been served a soy-based diet every day since arriving at Pinckneyville.

Plaintiff also takes issue with the elimination of breakfast at Pinckneyville—"the most important meal of the day." Inmates are now served dinner at around 4 p.m., and then eighteen hours later, at around 10 a.m., they are served lunch. As a result, inmates receive only 1,600 calories per day and must stave off hunger by buying food at the commissary. Plaintiff has experienced stomach pain, lethargy, headaches, and other injuries. Plaintiff further asserts that the Defendants have conspired in order to allow unnamed officials to pocket the saving and commissary profits (estimated at $4,750,000 per year). Plaintiff has written to each of the Defendants and filed grievances, but has received no answers.

Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and costs.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Shah, Director, Bailey, and Lashbrook violated Plaintiff's Eighth Amendment rights by serving him soy meals.

> **COUNT 2:** Shah was deliberately indifferent to Plaintiff's Eighth Amendment rights.

> **COUNT 3:** Shah, Director, Bailey, and Lashbrook violated the Eighth Amendment by instituting a two-meal-per-day policy.

> **COUNT 4:** Shah, Director, Bailey, and Lashbrook conspired against Plaintiff by serving soy food at the prison and by instituting a two-meal-per-day policy.

## Discussion

**Count 1** may proceed against the Director, Bailey, and Lashbrook. The Constitution mandates that prison officials provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Construing Plaintiff's complaint broadly, he alleges that Pinckneyville had a policy of serving soy-based food to prisoners, that this food has caused a number of side effects, and that high-level officials were aware of these side effects from a previous suit yet continued to serve soy food anyway. These allegations are sufficient to state arguable claims concerning the service of nutritionally inadequate or dangerous food against the Director, Bailey, and Lashbrook. This is true especially in light of the fact that the food service aspect of the claim concerns systematic conditions at Pinckneyville and the prison-related defendants appear to be senior level staff within IDOC. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (personal

involvement can be assumed at early stage for high-level officials if the conditions alleged are "potentially systematic"). Accordingly, **Count 1** may proceed as to the Director, Bailey, and Lashbrook.  However, as to Dr. Shah, Plaintiff has not alleged that Shah had any involvement in general food services at Pinckneyville, and he is not the type of prison official where his involvement in food service can be presumed at the outset of a suit. Accordingly, **Count 1** must be dismissed without prejudice as to Dr. Shah.

Plaintiff may pursue his claim against Dr. Shah, however, as to **Count 2**. Plaintiff claims that Dr. Shah refused his request for a thyroid hormone level check and a soy-free diet, despite his numerous health problems. To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). For screening purposes, Plaintiff's claim passes the objective hurdle—he alleges that he suffered constipation, diarrhea, lethargy, weight gain, a torn anus, and other symptoms linked to the food at the prison, and those symptoms can indicate an arguably serious condition at screening. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 n.7 & 1373 (7th Cir. 1997). Plaintiff's claim also passes the subjective hurdle—allegations of a failure to treat can constitute indifference, depending on the circumstances. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010). As such, **Count 2** may proceed through screening.

Plaintiff next alleges that prison officials violated his constitutional rights by serving only two meals per day (**Count 3**). Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). While a prisoner is not entitled to the food of his choice, he might state a claim if he alleges facts tending to show that officials

provided food that is "nutritionally deficient" or "well below nutritional value," depending on the circumstances. *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015). Construing Plaintiff's complaint broadly, he alleges that Shah, the Director, Bailey, and Lashbrook instituted a policy whereby inmates at Pinckneyville were not given breakfast, that this policy caused Plaintiff to be fed only 1,600 calories per day, and that this policy has caused Plaintiff to suffer "hunger pains" and other symptoms related to a lack of nutrition. That is sufficient to state a claim concerning deficient meals at the preliminary screening stage, and therefore, **Count 3** may proceed as to the Director, Bailey, and Lashbrook. That said, **Count 3** must be dismissed as to Shah because, as previously stated, Plaintiff has not alleged that Shah had any involvement in general food services at Pinckneyville, and he is not the type of prison official where his involvement in food service can be presumed at the outset of a suit.

While it is not clear from the complaint, Plaintiff also seems to bring standalone conspiracy allegations concerning the soy-based diet at the prison and the policy to not serve breakfasts (**Count 4**). To the extent this claim is raised against the defendants who already have claims against them in **Count 1** and **Count 3**, the conspiracy claim is duplicative, and **Count 4** must be dismissed without prejudice against them. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (noting that the "function of conspiracy doctrine" in § 1983 cases "is merely to yoke particular individuals to the specific torts alleged in the complaint"). To the extent **Count 4** is an effort to draw Dr. Shah into **Count 1** and **Count 3**, this is problematic under Federal Rule of Civil Procedure 8, which requires litigants to provide a minimum level of "factual content" to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Especially for allegations of a "vast, encompassing" conspiracy—like the one Plaintiff seems to be alleging here—a plaintiff "must meet a high standard of plausibility" to state a claim under

Rule 8. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). In this case, all Plaintiff puts forth is a conclusory allegation that the defendants conspired with one another—he does not allege any details of the alleged agreement between the parties, nor anything else about the purported conspiracy. Without more developed allegations, Plaintiff has not made out a viable conspiracy claim, and **Count 4** must be dismissed.

Over and above his Eighth Amendment claims, Plaintiff also invokes the Fourteenth Amendment in his complaint. However, Plaintiff fails to articulate any distinct Fourteenth Amendment issue, and the Court cannot discern one from the narrative of his complaint. Any Fourteenth Amendment claim would appear to be redundant, as it is necessarily based on the same facts underlying the Eighth Amendment claims that were already recognized above. *See*, *e.g.*, *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as religious claim because religious claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 F. App'x 549, 552–53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and religion claims). As such, the Fourteenth Amendment claims should be considered dismissed without prejudice.

## <u>Pending Motions</u>

The same day he filed his complaint, Plaintiff filed a motion for recruitment of counsel (Doc. 3) and a motion for service of process at government expense (Doc. 4). The Court will first discuss Plaintiff's motion for counsel. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must

make the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's petition adequately articulates his claims, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of counsel will be **DENIED** without prejudice. Plaintiff may choose to re-file this motion at a later stage in the litigation.

Plaintiff's motion for service of process at government expense is **GRANTED**. Waivers of service of summons will be issued and served on Defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against the **DIRECTOR**, **BAILEY**, and **LASHBROOK**. **COUNT 1** is **DISMISSED without prejudice** as to **SHAH**.

**IT IS FURTHER ORDERED** that **COUNT 2** may **PROCEED** against **SHAH**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against the **DIRECTOR**, **BAILEY**, and **LASHBROOK**. **COUNT 3** is **DISMISSED without prejudice** as to **SHAH**.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **SHAH**, **DIRECTOR**, **BAILEY**, and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed

a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 11, 2015

<u>*s/ STACI M. YANDLE*</u>
Staci M. Yandle
United States District Court